69 F.3d 540
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul R. TOBISCH, Defendant-Appellant.
 No. 95-1656.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 3, 1995.
Decided Oct. 26, 1995.
 
 Before CUMMINGS, ESCHBACH and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Paul Tobisch of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846 and three counts of possession with intent to deliver and distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced him to 120 months imprisonment on each count to run concurrently, five years supervised release, and a $200 special assessment. On direct appeal from his conviction and sentence, Tobisch argues that the district court erred by refusing to suppress evidence obtained from a search of Tobisch's car and that Tobisch's counsel was constitutionally deficient. We affirm.
 
 A. Relevant Facts
 
 2
 Agents investigating Paul Tobisch received a telephone call from Mark Mitchell in March of 1992, in which Mitchell volunteered to provide information against Tobisch. Mitchell had bought cocaine from Tobisch during the summer of 1989, and from the spring of 1990 until March of 1992 when he enrolled in a chemical dependency program. Mitchell also had accompanied Tobisch on "runs" to Minneapolis, Minnesota, to get cocaine, and described to the agents in detail Tobisch's route. Mitchell retraced the route with Investigator Ron Cramer, identifying for Investigator Cramer the driveway on the 5000 block of Nicollet Avenue where Tobisch walked up to meet his supplier. On Friday, July 10, 1992, Mitchell informed the agents that Tobisch planned to make a cocaine run to Minneapolis.
 
 
 3
 The agents began a surveillance of Tobisch but lost track of him at some point during the day. They learned that Tobisch was on his way to Minneapolis, so searched for his silver Isuzu Trooper SUV along the route Mitchell had described. The agents eventually caught up to the Trooper travelling on Interstate 94 and identified Tobisch as the driver.
 
 
 4
 Tobisch followed almost the exact route to Minneapolis as Mitchell had described. He drove to 5009 Nicollet Avenue in Minneapolis, parked and exited his car, and walked between two houses. Soon, a blue Ford Tempo parked near 5009 Nicollet and an individual agents described as Hispanic exited and walked between the same houses as Tobisch had. The surveillance agents observed Tobisch return to his vehicle, drive to the strip mall and pick up his passenger, and return to Wisconsin.
 
 
 5
 The agents followed Tobisch and requested assistance from the Dunn County Sheriff's Department in Wisconsin. Agents told the Sheriff's Department the reasons they suspected Tobisch to be transporting cocaine, and the Department briefed its Sheriffs to stop Tobisch. Based on this information, law enforcement officers stopped Tobisch on Interstate 94 in Wisconsin and found on the floor in front of the passenger side two plastic baggies containing cocaine. Tobisch moved to suppress the evidence found in his car, but his motion was denied.
 
 B. Probable Cause
 
 6
 Tobisch first argues that the district court erred in refusing to suppress the evidence found in Tobisch's car because the law enforcement officers lacked probable cause to stop, search, or arrest Tobisch on his return trip to Wisconsin. We review the denial of a motion to suppress for clear error. United States v. Patterson, No. 94-3502, slip op. at * 4 (Aug. 22, 1995). Probable cause is established when the facts and circumstances known to law enforcement officers at the time of the search were reasonably sufficient and trustworthy to warrant a prudent person to believe that an offense had been committed. United States v. Evans, 27 F.3d 1219, 1228 (7th Cir.1994. A tip from an informant may furnish the basis for probable cause if corroboration of the tip "through other sources of information reduced the chances of the informant telling a reckless or prevaricating tale, thus providing a substantial basis for crediting the hearsay." United States v. Scott, 19 F.3d 1238, 1243 (7th Cir.), cert. denied, 115 S.Ct. 163 (1994).
 
 
 7
 Here, the agents received detailed information from Mitchell implicating Tobisch as a drug dealer. Mitchell's information then was proven accurate with each leg of Tobisch's trip to Minneapolis. The agents caught up to Tobisch along the route Mitchell had described, trailed him into Minneapolis, observed him make a telephone call, followed him to 5009 Nicollet Avenue, saw him leave his car and walk between two houses on the 5000 block of Nicollet Avenue, saw a Hispanic individual arrive and walk between the same two houses, then saw Tobisch reappear, drive to the strip mall to pick up his passenger, and begin his return trip to Wisconsin. See United States v. Spears, 965 F.2d 262, 270-71 (7th Cir.) (confidential informant corroborated in part by police observations of defendant's actions), cert. denied, 113 S.Ct. 502 (1992). Deviations between Mitchell's itinerary and Tobisch's route on that date were minor. The objective of Tobisch's trip was the clandestine meeting on the 5000 block of Nicollet Avenue, and the most logical explanation was the one provided by Mitchell: the purchase of cocaine. See Scott, 19 F.3d at 1242 (although isolated pieces of conduct may have appeared innocent, police properly viewed conduct as a whole and concluded that Scott was trafficking in illegal drugs). Therefore, the agents had substantial corroborating information to credit Mitchell's statements and the Sheriff's Department had probable cause to believe that Tobisch was trafficking cocaine when they stopped and searched his car. See United States v. Smith, 3 F.3d 1088 (7th Cir.1993), cert. denied, 114 S.Ct. 733 (1994) ("[A] stop based on information from another law enforcement officer or agency is valid to the extent that the officer relaying the information is able to satisfy the Terry 'reasonable suspicion' standard.").
 
 C. Ineffective Assistance of Counsel
 
 8
 Tobisch next argues that his trial court counsel was ineffective. Tobisch is represented by a different attorney on appeal and raises issues based entirely on the trial court record. United States v. Kellum, 42 F.3d 1087, 1095 (7th Cir.1994) (we do not review a claim of ineffective assistance of counsel on direct appeal when the trial lawyer's performance cannot be evaluated without evidence outside the record). To succeed on an ineffective assistance of counsel claim, Tobisch must demonstrate that (1) his attorney's performance fell below an objective level of reasonableness, and (2) his attorney's error was so prejudicial that the result of the proceeding was rendered fundamentally unfair or unreliable. United States v. Allender, 62 F.3d 909, 913 (7th Cir.1995). In reviewing the claim, we presume that counsel's performance was reasonable and assume the alleged errors are tactical moves, flawed only in hindsight. United States v. Trevino, 60 F.3d 333, 338 (7th Cir.1995).
 
 
 9
 Tobisch argues that trial counsel was ineffective because, in his motion to suppress, he failed to (1) argue that Mitchell was an unreliable informant; (2) note the gap in surveillance of Tobisch between Tobisch's mother's house and when agents found him on Interstate 94; and (3) timely submit documents indicating that the surveillance agents did not know the criminal record of the individual Tobisch met in Minneapolis before his arrest. These arguments are relevant only to refute a showing of probable cause. As we discussed above, the agents had sufficient probable cause despite these minor deviations. Therefore, Tobisch's attorney's failure to raise these arguments was harmless error.
 
 
 10
 AFFIRMED.